# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARC STARR,** *et al.*,<br><br>Plaintiffs,<br><br>*Individually and on Behalf of All Similarly Situated Employees*<br><br>v.<br><br>**CREDIBLE BEHAVIORAL HEALTH, INC.**<br><br>Defendant. | Civil Action No.: 8:20-cv-02986-PJM |

## ORDER APPROVING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT

Upon Consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement and request for Final Approval of the Settlement Agreement for the Release of Wage Claims under Federal and Maryland Law, including a Declaration from Plaintiffs' Counsel and the Hearing for Final Settlement Approval that occurred before this Court on August 11, 2021, it is hereby:

**ORDERED**, the Motion is **GRANTED** and the Settlement is **APPROVED**;

**ORDERED**, the Court finds that a *bona fide* dispute exists between Defendant, Plaintiffs, opt-in Plaintiffs and all Class Members who were employed as Partner Services Coordinators at Credible Behavioral Health, Inc. ("Defendant") from October 15, 2017 to February 24, 2021 as to whether Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Maryland Wage and Hour Law and the Maryland Wage Payment Collection Act;

**ORDERED**, that Plaintiffs have satisfied the class action requisites set forth in Federal Rule of Civil Procedure 23(a)-(b) and therefore, the Court grants final certification of the class

**Exhibit 2**

set forward in the Settlement Agreement and Release ("Agreement"). The class consists of forty-nine (49) named Plaintiffs, opt-in Plaintiffs and Rule 23 Class Members who were specifically identified in Exhibit A of the Agreement;

**ORDERED**, that because the named Plaintiffs, the opt-in Plaintiffs, the Rule 23 Class Members and Defendant have engaged in informal discovery, they have exchanged sufficient information to allow Plaintiffs' Counsel to assess the strengths and weaknesses of Plaintiffs and the opt-in Plaintiffs' overtime claims, as well as the range of potential damages for all proposed Class Members. The Parties have also engaged in extensive arms-length negotiations, including participating in a full day mediation with Judge Benson Everett Legg (Ret.) on February 24, 2021;

**ORDERED**, that there has been a finding that no Class Members have objected to the Settlement;

**ORDERED**, there is no evidence that the Settlement was the product of fraud or collusion between Counsel;

**ORDERED**, upon consideration of the factors set forth in *Lynn's Food Stores, Inc. v. United States,* the Court finds that the Agreement is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." 679 F.2d 1350, 1354 (11th Cir. 1982);

**ORDERED**, upon consideration of the factors set forth in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991), the Court finds that the Agreement is fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23(e);

**ORDERED**, pursuant to Federal Rule of Civil Procedure 23(h), the Court finds that the attorneys' fees to be paid to Class Counsel are fair and reasonable and approves the payment of attorneys' fees to Class Counsel pursuant to the terms of the Agreement;

**ORDERED**, that payments for all settlement awards, service awards and attorneys' fees shall be made within twenty-one (21) calendar days of this Order; and

**WHEREFORE**, it is **ORDERED** that the Unopposed Motion be and is hereby **GRANTED**, the Settlement Agreement is **APPROVED** and that this case is **DISMISSED WITH PREJUDICE**.

Date: _____  _____
Judge Peter J. Messitte
United States District Court Judge